CV 14 - 1850

Law Offices of Vincent S. Wong
Vincent S. Wong (VW9016)
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
YAN QUN XUE, YI CHEN
and SHI JIN ZHENG individually
and on behalf of all other persons
similarly situated who were employed
by "LUMIX HIBACHI"

         *Plaintiff,*

      Civil Action No.

  - vs.-

      **CLASS ACTION**
MEI YU ZHANG,   **COMPLAINT**
TOMMY "DOE",
QI LIN, LUMIX    Jury Trial Demanded
HIBACHI
RESTAURANT INC.
d/b/a LUMIX
HIBACHI

         *Defendants.*
-----------------------------------------------------------------X

## COMPLAINT

Plaintiffs, Yan Qun Xue, Yi Chen, and Shi Jin Zheng, by their undersigned attorneys, the Law Offices of Vincent S. Wong, bring this action individually and on behalf of all other similarly situated persons who are presently or were formerly employed at a restaurant business known as Lumix Hibachi Restaurant, Inc. doing business as "Lumix Hibachi," to recover damages arising out of their employment.

  1. Plaintiffs Yan Qun Xue, Yi Chen, Qi Lin, and Shi Jin Zheng are former employees of the Defendants Mei Yu Zhang, Tommy "Doe", and Lumix Hibachi

1

Restaurant, Inc. who operate a restaurant business known as "Lumix Hibachi," located at 693 Sunrise Highway, Lynbrook, NY 11563.

2. Throughout the course of her employment, Plaintiff Yi Chen regularly worked more than fifty-five hours each week for wages that fell below the legal minimum wage without receiving the overtime premiums required by law.

3. Throughout the course of his employment, Plaintiff Yan Qun Xue regularly worked more than sixty hours each week for wages that fell below the legal minimum wage without receiving the overtime premiums required by law.

4. Throughout the course of his employment, Plaintiff Shi Jin Zheng regularly worked more than sixty hours each week for wages that fell below the legal minimum wage without receiving the overtime premiums required by law.

5. Plaintiffs bring this action seeking for themselves, and on behalf of all other similarly situated employees, all compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), including (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et seq., because defendants' violations were willful.

6. Plaintiff further complains that they are entitled to back wages and liquidated damages from defendants for (i) overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law § 650 et seq. and the supporting New York State Department of Labor regulations; (ii) compensation for defendants' violation of the "spread of hours" regulations pursuant to New York Labor Law and the supporting regulations; (iii) compensation for defendants' unlawful

2

deductions from his pay; (iv) liquidated damages for these violations of New York Labor Law; and (v) statutory damages for violations of the Wage Theft Prevention Act.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants' business is located in this District.

## PARTIES

### Plaintiffs

10. Plaintiff Yi Chen is an adult resident of New York County in the State of New York.

11. Plaintiff Yan Qun Xue is an adult resident of New York County in the State of New York.

12. Plaintiff Shi Jin Zheng is an adult resident of Kings County in the State of New York.

13. Plaintiff Yi Chen was employed as a waitress at a business known as Lumix Hibachi from approximately June 2013 to September 2013.

14. Plaintiff Yan Qun Xue was employed as a sushi chef at a business known as Lumix Hibachi from approximately April 2013 to January 2014.

3

15. Plaintiff Shi Jin Zheng was employed as a sushi chef at a business known as Lumix Hibachi from approximately April 2013 to January 2014.

### Defendants

16. Upon information and belief, Defendant Mei Yu Zhang is an adult resident in the State of New York.

17. Upon information and belief, Defendant Qi Lin is an adult resident in the State of New York.

18. Upon information and belief, Defendant Tommy "Doe" is an adult resident in the State of New York.

19. Upon information and belief, Defendant Lumix Hibachi Restaurant, Inc. is a corporation organized and existing under the laws of the State of New York.

20. Upon information and belief, Defendant Mei Yu Zhang has a principal office and place of business at 693 Sunrise Highway, Lynbrook, NY 11563.

21. Upon information and belief, Defendant Qi Lin has a principal office and place of business at 693 Sunrise Highway, Lynbrook, NY 11563.

22. Upon information and belief, Tommy "Doe" has a principal office and place of business at 693 Sunrise Highway, Lynbrook, NY 11563.

23. Upon information and belief, Defendant Lumix Hibachi Restaurant, Inc. has a principal office and place of business at 693 Sunrise Highway, Lynbrook, NY 11563.

24. At all times relevant to this action, Defendants Mei Yu Zhang, Qi Lin, Tommy "Doe, Lumix Hibachi Restaurant, Inc. (collectively "the Defendants") conducted business under the trade name "Lumix Hibachi."

25. At all times relevant to this action, the Defendants owned and operated Lumix Hibachi at 693 Sunrise Highway, Lynbrook, NY 11563.

26. Upon information and belief, Mei Yu Zhang and Qi Lin is an owner or part owner, principal, and officer of Defendant Lumix Hibachi Restaurant, Inc..

27. Upon information and belief, Mei Yu Zhang, Qi Lin, and Tommy "Doe", were the managers or officers of Defendants Lumix Hibachi Restaurant, Inc..

28. Upon information and belief, at all times relevant to this action, the Defendants had the power to hire and fire the Plaintiffs, who worked for Lumix Hibachi, control the terms and conditions of their employment, set schedules, determine the rate and method of any compensation provided to the Plaintiffs, and retain records relating to their employment.

29. Defendants Mei Yu Zhang, Qi Lin and Tommy "Doe" were involved in the day-to-day operations of Lumix Hibachi Restaurant, Inc., and played an active role in managing the business.

30. Upon information and belief, Mei Yu Zhang, Qi Lin, and Tommy "Doe", continue to operate and actively manage Lumix Hibachi.

31. Upon information and belief, the Defendants have been, at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that they (i) have had employees engaged in commerce or in the production of goods for commerce and handling, selling, otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (ii) have had an annual gross volume of sales of not less than $500,000.

## CLASS ALLEGATIONS

32. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b), and as a Class Action under Article 9 of the New York Civil Practice Law and Rules and Rule 23 of the Federal Rules of Civil Procedure.

33. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants from April 2013 to the present.

34. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of ten employees. In addition, the names of all potential members of the putative class are not known.

35. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether the Defendants failed to pay minimum wages, overtime wages, spread of hours pay, and provide proper paystubs. The claims of the Named Plaintiffs are typical of the claims of the putative class.

36. The Named Plaintiffs and putative class were all subject to Defendants' policies and willful practices of failing to pay minimum wages, overtime wages, spread of hours compensation, and failing to provide proper paystubs.

37. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class lack

the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

39. Beginning on or about April 2013, Defendants employed numerous individuals as restaurant staff at their Lumix Hibachi Restaurant.

40. Defendants Mei Yu Zhang, Qi Lin, and Tommy "Doe" and Lumix Hibachi Restaurant, Inc. own and operate a restaurant in Nassau County located at 693 Sunrise Highway, Lynbrook, NY 11563 known as "Lumix Hibachi".

41. 693 Sunrise Highway, Lynbrook, NY 11563 is a Japanese restaurant that serves food to customers on its premises.

42. Plaintiffs were employed at Empire Hunan at 693 Sunrise Highway, Lynbrook, NY 11563.

43. Plaintiff Yi Chen held the position of "waiter" while employed by the Defendants. Waiters typically take food and beverage orders and then serve food and beverages to patrons at tables in dining establishments.

44. Plaintiffs Yan Qun Xue and Shi Jin Zheng held the position of "chef" while employed by the Defendants. Chefs typically prepare food orders for restaurant patrons.

45. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities or the discretion to use independent judgment regarding matters of business significance.

46. Upon information and belief, at all times relevant to this action, Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

47. While working for Defendants, Plaintiffs and the members of the putative class were regularly required to perform work for Defendants, without receiving minimum wages, overtime compensation, spread of hours, or proper paystubs as required by applicable federal and state law.

### Plaintiffs' Wages, Hours, and Working Conditions

48. Plaintiffs and the other members of the putative class regularly worked significant overtime hours while employed by the Defendants.

49. Plaintiff Yi Chen regularly worked approximately fifty-five (55) or more hours per week while employed by the Defendants.

50. Plaintiffs Yan Qun Xue and Shi Jin Zheng regularly worked approximately sixty (60) or more hours per week while employed by the Defendants.

51. Plaintiffs and other members of the putative class regularly worked for the Defendants for six days per week during most or all of their employment.

52. Plaintiffs and the members of the putative class were only allowed one day off a week.

53. Plaintiffs and the members of the putative class were permitted only *de minimus* breaks during the day.

54. Upon information and belief, at all times relevant to this action, the Defendants compensated the Plaintiffs and the other members of the putative class below the minimum wage as required by Fair Labor Standards Act and New York Labor Law.

55. Upon information and belief, at all times relevant to this action, the Defendants compensated the Plaintiff Yi Chen approximately $2600 per month, below the minimum wage as required by Fair Labor Standards Act and New York Labor Law.

56. Upon information and belief, at all times relevant to this action, the Defendants compensated the Plaintiff Yan Qun Xue and Shi Jin Zheng approximately $2800 per month, well below the minimum wage as required by Fair Labor Standards Act and New York Labor Law.

57. Defendants did not provide Plaintiffs and the members of the putative class with a paystub, or other record of their hours worked.

58. Defendants failed to provide Plaintiffs and the members of the putative class with an accurate weekly notice their rate of pay or his hours worked, in violation of the Wage Theft Prevention Act.

59. Defendants failed to provide Plaintiffs and the members of the putative class with a written notice of their regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

60. Defendants' failure to pay the Plaintiffs' and the members of the putative class an overtime premium for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations, was willful

61. Although Plaintiffs and the members of the putative class frequently worked shifts in excess of ten hours per day from start to finish, defendants willfully failed to pay him one additional hour's pay at the minimum wage for each day he worked more than

ten hours in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

## CAUSES OF ACTION

### COUNT I

### Claim for Minimum Wages under the Fair Labor Standards Act

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

63. At all times relevant to this action, the Defendants were Plaintiffs' employers within the meaning of 29 U.S.C. § 203(d).

64. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

66. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, interest, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), all in an amount to be determined at trial.

### COUNT II

### Claim for Minimum Wages under New York Labor Law

67. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

68. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of within the meaning of New York Labor Law §§ 2 and 651.

69. At all times relevant to this action, Defendants were employers within the meaning of within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

70. Defendants willfully failed to record, credit, or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652, and applicable regulations.

71. Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, and an amount equal to one hundred percent of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the New York Labor Law, specifically New York Labor Law § 198(1-a) and § 663(1), all in an amount to be determined at trial.

## COUNT III

### Claim for Overtime Wages under the Fair Labor Standards Act

72. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

73. At all times relevant to this action, the Defendants were Plaintiffs' employers within the meaning of 29 U.S.C. § 203(d).

74. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

75. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

76. As a result of defendants' willful failure to compensate their employees, including Plaintiffs, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated the FLSA, 29 U.S.C. §§201 et seq., including 19 U.S.C. §§207(a)(1) and 215(a).

77. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

78. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, interest, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT IV

### Claim for Overtime Wages under New York Labor Law

79. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

80. At all times relevant to this action, Plaintiffs are employed by Defendants within the meaning of within the meaning of New York Labor Law §§ 2 and 651.

81. At all times relevant to this action, Defendants were employers within the meaning of within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

82. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates not less than one-and-one-half times the regulat rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 137.

83. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

84. Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, and an amount equal to all of their unpaid minimum wages in the form of liquidated damages, interest, as well as reasonable attorneys' fees and costs of the action, pursuant to the New York Labor Law, specifically 12 N.Y.C.R.R. § 137-1.3, all in an amount to be determined at trial.

### COUNT V

### Claim For Spread of Hours Payments under New York Law

85. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

86. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law §§2 and § 651.

87. Under New York Law, an employee is entitled to one extra hour's wages for any day when the employee's "spread of hours" exceeds 10 hours. 12 N.Y.C.R.R. § 137-1.7. "Spread of hours" is defined as the "interval between the beginning and end of the workday." 12 N.Y.C.R.R. § 137-3.11.

88. Defendants regularly required the Plaintiffs to work in excess of 10 hours a day during the term of the Plaintiffs' employment. Defendants had full knowledge that they were requiring the Plaintiffs to work above and beyond 10 hours a day.

89. Defendants violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked more than ten hours, in violation of New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

90. Defendants' failure to pay the "spread of hours" premium was willful within the meaning of New York Labor Law § 663 and supporting regulations.

91. Accordingly the Plaintiffs are entitled to recover from the Defendants, jointly and severally, all spread of hours payments in the form of one hour of additional pay at the minimum wage rate for each day in which the Plaintiffs had a spread of hours in excess of 10 hours, liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

## COUNT VI

### New York Labor Law – Wage Theft Prevention Act

92.     Plaintiff Cheng Hsia Shen realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

93. At all relevant times, Plaintiff Shen was employed by defendants within the meaning of New York Labor Law §§ 2 and § 651.

94. Defendants willfully violated Plaintiff's rights by failing to provide him with accurate weekly wage statements required by the Wage Theft Prevention Act between April 1, 2011 and then end of his employment.

95. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants statutory damages of $100 per week from April 1, 2011 to the termination of his employment, and $50 per week from February 1, 2012 to the termination of his employment, up to the maximum statutory damages.

## VIOLATIONS OF LAWS; PUNITIVE DAMAGES

96. Upon information and belief, the Defendants have violated various provisions of the Internal Revenue Code and its regulations, New York State and New York City tax laws, Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq, New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650-655, federal and New York labor laws, including Equal Employment Opportunity laws, Federal and New York Minimum Wage laws, Federal and New York labor posting and notice requirements, Federal and New York Fringe Benefits laws.

97. The actions of Defendants constituted acts and omissions, which were so grossly negligent and unconscionable, including without limitation the violations of applicable laws set forth above, that the imposition of punitive damages are warranted.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs and the members of the putative class respectfully request that judgment be granted:

(1) Declaring the Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA, New York Labor Law, and the respective applicable statutes and regulations;

(2) Awarding the Plaintiffs a compensatory award for unpaid minimum wages due under the FLSA, New York Labor Law, and the respective applicable statutes and regulations;

(3) Awarding the Plaintiffs a compensatory award for unpaid overtime wages due under the FLSA, New York Labor Law, and the respective applicable statutes and regulations;

(4) Awarding the Plaintiffs liquidated damages due to the defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(5) Awarding damages resulting from the defendants' willful failure to pay the spread of hours premium payment pursuant to New York Labor Law;

(6) Awarding statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

(7) Awarding liquidated damages for defendants' New York Labor Law violations;

(8) Awarding the Plaintiffs pre-judgment and post-judgment interest;

(9) Awarding the Plaintiffs' costs of this action, together with reasonable attorneys' fees;

(10) Awarding any further relief as this Court deems necessary and proper.

Dated: New York, NY
March 17, 2014

Respectfully submitted,

_____
Vincent S. Wong (VW9016)

Law Offices of Vincent S. Wong
Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiffs*

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
YAN QUN XUE, YI CHEN
and SHI JIN ZHENG individually
and on behalf of all other persons
similarly situated who were employed
by "LUMIX HIBACHI"

                       *Plaintiff,*

              Civil Action No.

- vs.-

              **SUMMONS AND**
MEI YU ZHANG,              **COMPLAINT**
TOMMY "DOE",
QI LIN, LUMIX              Jury Trial Demanded
HIBACHI
RESTAURANT INC.
d/b/a LUMIX
HIBACHI

                      *Defendants.*
------------------------------------------------------------------x

---

**SUMMONS AND COMPLAINT**

By: _____
Vincent S. Wong (VW9016)